UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| W RESOURCES, LLC | * | Case No. 18-10798 |
| | * | |
| Debtor | * | |
| | * | |

## LIMITED OBJECTION TO DEBTOR'S MOTION FOR, *INTER ALIA,* AN ORDER APPROVING THE SALE OF ASSETS UNDER 11 U.S.C. § 363

Investar Bank, as successor-in-interest to The Highlands Bank, individually and as agent for First National Bankers Bank, Louisiana; United Community Bank as successor-in-interest to Community Bank of Lafourche; and Plaquemine Bank & Trust ("Investar"), a secured creditor in the captioned bankruptcy case, through its undersigned counsel, respectfully submits this limited objection to the Motion for the Entry of an Order (I) Approving the Sale of Assets under 11 U.S.C. § 363(b); (II) Free and Clear of Liens, Claims and Interests under 11 U.S.C. § 363(f) under the Purchase and Sale Agreement of The Redstone Group, LLC; (III) Approving the Debtor's Proposed Disposition of Amounts Received from and in Connection with the Sale; (IV) Approving the Assumption of the Debtor's Agreement for Services with Tricor Energy Services, LLC under 11 U.S.C. § 365; (V) Determining that the Purchaser is a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (VI) Abrogating the Fourteen (14) Day Stay Imposed by Fed. R. Bankr. P. 6004(h); and (VII) Related Relief (the "Motion") filed by the Debtor, and avers as follows:

45993883;1

I.  **The Motion**

1.

On July 31, 2018, Debtor filed the Motion seeking, *inter alia,* authority to sell the Trahan Tract[1] and the Albert C. Mills, Jr. Property free and clear of all liens, claims and interests, with any liens, claims and interests attaching to the proceeds of the sale with the same force, effect, validity and priority that existed against the Trahan Tract and the Albert Mills, Jr. Property prior to the sale.

2.

As part of the sale, Debtor seeks to retain $100,000.00 paid by Purchaser as an "inducement for Debtor to consummate the sale," and seeks to reserve the Mineral Rights, but not surface rights, related to the Purchased Assets.

3.

Investar does not object to the Purchase Price or the Purchased Assets being sold; however, Investar does have some limited and/or clarifying objections with respect to the sale terms and/or allegations in the Motion, which limited objections are set forth below.

II. **Investar's Claim and the Sale Proceeds**

4.

Debtor is indebted to Investar in amounts exceeding $16 million (the "Indebtedness").[2] As acknowledged by Debtor in the Motion, the Indebtedness is secured by, *inter alia,* the Trahan Tract

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.
[2] Investar has not yet but will be filing a proof of claim in this bankruptcy case setting forth the exact amounts owed by Debtor, the collateral securing Investar's claim, and the supporting documents and information related thereto.

45993883;1

and the Albert Mills, Jr. Property.[3] The collateral securing the Indebtedness also includes Debtor's Mineral Rights, which are not included in the assets subject to the proposed sale.

5.

Initially, the *proposed* Sale Order specifically provides that all the liens, claims or interests against the Purchased Assets prior to the sale shall attach to the proceeds of the sale with the same force, effect, validity and priority as existed prior to the sale. Out of an abundance of caution, Investar asserts a limited objection to the Motion to the extent any *final* Sale Order submitted to this Court does not include this language clearly ordering that all existing liens, mortgages, claims or interests on or in the Purchased Assets shall attach to the sale proceeds with the same force, effect, validity and priority as they had before the sale. Additionally, paragraph 16 of the proposed order should limit modifications of the Purchase Agreement and any related documents or other instruments without Court approval to only those that have no material adverse effect on the estate "or any creditor with a mortgage or other security interest in the Sale Assests."

6.

Additionally, Debtor seeks to retain $100,000.00 from the sale as an inducement to consummate the sale. Debtor has provided no explanation at all why an "inducement" fee is required to induce Debtor to consummate a sale that by its own admission is likely the highest and best offer that it can get under the circumstances. Investar submits that this $100,000.00 is not an inducement fee but actually constitutes part of the Purchase Price; as such, the Sale Order should provide that this

---

[3] In the Motion, Debtor states that Investar failed to "timely reinscribe two of its four mortgages." Investar avers that this statement is inaccurate. However, this issue is not now before this Court, and Investar will fully address the issue when it is.

3

45993883;1

$100,000.00 constitutes part of the Purchase Price and will be escrowed with the other sale proceeds.[4]

### III. The Mineral Rights

7.

Debtor is reserving the Mineral Rights related to the Purchased Assets, and they are not included in the sale. These Mineral Rights are part of Investar's collateral securing the Indebtedness. Therefore, to the extent that the Mineral Rights generate any revenues or proceeds, the funds will constitute Investar's cash collateral. Investar is not aware of any revenues or proceeds being generated from the Mineral Rights at this time. However, Investar wanted to notify Debtor and the Court now, because to the extent any revenues or proceeds are generated in the future, the Debtor is not authorized to use the revenues or proceeds (Investar's cash collateral) without Investar's consent or an Order from this Court authorizing the use of the cash collateral. 11 U.S.C. § 363(C)(2).

### IV. Inaccurate Description of the Trahan Tract

8.

In the Motion, Debtor states that the Trahan Tract is approximately 30-40% wetlands. By way of clarification, Investar submits that the Trahan Tract does not consist of any wetlands and is located in a prime residential district.

### V. Tricor Agreement

9.

Paragraph 6 of the Tricor agreement attached to the motion should be eliminated before it is assumed by the estate.

---

[4] While the Debtor proposes to have its attorneys hold the sale proceeds in trust without interest, Investar would like to clarify that its Indebtedness will continue to accrue interest.

**VI.     Conclusion**

Based on the foregoing, Investar respectfully submits that the relief requested above should be granted; to the extent the relief sought herein is granted, Investar has no objection to the Motion.

**AKERMAN LLP**

**By:**    */s/ Patrick Johnson, Jr.*
Patrick Johnson, Jr. (La. Bar No. 07322)
Brent C. Wyatt (La. Bar No. 25308)
909 Poydras Street, Suite 2000
New Orleans, LA  70112
Telephone:  504-584-9417
Telecopy:  504-584-9142
Email:  patrick.johnson@akerman.com

**Counsel For Investar Bank**