UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

In re

W Resources, L.L.C.,                                   Case No. 18-10798

   Debtor .                                              Chapter 11

FINDINGS OF FACT AND CONCLUSIONS OF LAW
RELATING TO SALE OF ASSETS AND RELATED RELIEF

Dwayne M. Murray ("Trustee"), the Liquidating Trustee of W Resources, LLC Liquidating Trust (the "Trust"), filed an expedited *Liquidating Trustee's Motion to Sell Assets and for Other Relief* [P-762] (the "Sale Motion") seeking authority to sell Trust assets.

The court held a hearing on the Sale Motion on July 20, 2022 (the "Sale Hearing") that resulted in an auction between two qualified bidders, with L.J.G. Land Company, LLC, Ascension Commerce Center, LLC and Ascension Commerce Center Investment Holdings, LLC ("LJG") being declared the "Winning Bidder" with the highest and best bid of $8,725,000; and WHITEBEAR FARMS, L.L.C. ("WBF") being declared the "Back-Up Bidder" with the second highest and best bid of $8,700,000.

Present at the July 20, 2022 hearing were: (a) Dwayne M. Murray, the Liquidating Trustee of W Resources, LLC Liquidating Trust, along with his counsel, Paul Douglas Stewart, Jr.; (b) Barbara Parsons, counsel for LJG, along with representatives of LJG; (c) Ray Williams, agent for WBF, and (d) Patrick Johnson and Brent Wyatt, counsel for Investar Bank, N.A., formerly known as Investar Bank, successor in interest to The Highlands Bank, individually and as agent for First National Bankers Bank, Louisiana; United Community Bank, as successor-in-interest to Community Bank of Lafourche; and Plaquemine Bank & Trust (collectively "<u>Investar</u>"), along with representatives of Investar Bank.

The Trustee testified that the bids received at the Auction were the product of arms'-length negotiations with the bidders and that neither bidder was affiliated with the Trust.

After conducting the hearing on the Sale Motion, and in light of (i) proper notice having been given as evidenced by the certificates of service entered on the docket of the record of this bankruptcy case; (ii) the testimony provided by the Trustee, Dwayne M. Murray; (iii) the stipulations of counsel to the parties to the facts set forth in this pleading as represented by their signatures below; and (iv) the arguments of counsel, the court, for the oral reasons assigned in open court on July 20, 2022 and memorialized in these findings of fact and conclusions of law, will grant the Sale Motion (the "Sale Order").  These written findings of fact and conclusions of law ("Findings and Conclusions") supplement any oral findings made in open court, and shall, together with any oral findings and reasons announced in open court, constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014.

IT IS FOUND AND DETERMINED THAT:

1.     The findings of fact and conclusions of law set forth in these Findings and Conclusions constitute the court's findings and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this case pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  Any findings of fact or conclusions of law the court stated on the record at the Sale Hearing are incorporated, to the extent they are not inconsistent with these Findings and Conclusions.

2.     This court has jurisdiction and authority to hear and determine the request to approve the sale (the "Sale") and grant the other relief set forth in the order pursuant to 28 U.S.C.

§§ 1334 and 157(b)(2)(A), (N) and (O). Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, and all other applicable law.

3. The Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

4. The Winning Bidder has executed an asset purchase agreement (the "LJG Purchase Agreement"). The LJG Purchase Agreement provides for, among other things, the Winning Bidder to purchase certain assets of the Trust which are set forth in the LJG Purchase Agreement (the "LJG Purchased Assets"), under the terms and conditions set forth under the LJG Purchase Agreement.

5. The Backup Bidder has executed an asset purchase agreement (the "WBF Purchase Agreement"). The WBF Purchase Agreement provides for, among other things, the Backup Bidder to purchase certain assets of the Debtor that are set forth in the WBF Purchase Agreement (the "WBF Purchased Assets"; the WBF Purchased Assets and the LJG Purchased Assets are referred to collectively as the "Purchased Assets"), under the terms and conditions set forth under the WBF Purchase Agreement.

6. Sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Bankruptcy Rules 2002 and 6004(a), as evidenced by the certificates of service filed by the Trustee and entered on the docket of this case, showing service on all parties identified on the mailing matrix for this case and the parties that have consented to ECF noticing. This notice is sufficient for all purposes under the Bankruptcy Code, and no further notice of, or hearing on, the Sale Motion is required.

7. The Trustee and his professionals, agents and other representatives have adequately and appropriately marketed the Purchased Assets and all parties were afforded a full, fair and reasonable opportunity to do necessary and appropriate due diligence, qualify as a bidder, participate in the bidding process, and to make a higher or otherwise better offer to purchase the Purchased Assets.

8. The Trustee and his professionals, agents and other representatives: (i) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets; and (ii) faithfully executed his duties in considering all offers and bids throughout the bidding process and in determining the Winning Bidder and the Back-Up Bidder for the Purchased Assets.

9. The Trustee has no connection with the Winning Bidder or Back-Up Bidder, and has dealt at arms'-length with counsel for the Winning Bidder and Back-Up Bidder.

10. The Winning Bidder (or the Back-Up Bidder, if applicable) is a purchaser in good faith, as that term is used in the Bankruptcy Code, and is entitled to the protections of Bankruptcy Code section 363(m) with respect to the Sale. The LJG Purchase Agreement and the WBF Purchase Agreement were negotiated and entered into in good faith, based upon arm's-length negotiations and without collusion or fraud of any kind. The Winning Bidder and the Back-Up Bidder did not act in a collusive manner with each other or any other person. The bid of the Winning Bidder (or the Back-Up Bidder, if applicable) is fair, reasonable and offers the highest and best offer available, and is in the best interest of the estate and its creditors.

11. A sale of the Purchased Assets other than one free and clear of all liens, claims, and interests (except those expressly assumed by the Winning Bidder (or Back-Up Bidder, if applicable)) would yield substantially less value for the Estate than the Sale. Therefore, the Sale

contemplated by the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable) is in the best interests of the Debtor, its Estate and creditors, and all other parties in interest.

12. Investar's first-ranking mortgages, liens and other rights and interests (and only Investar's first-ranking mortgages, liens and other rights and interests) shall attach to the proceeds of the Sale (except those proceeds attributable to Eastwood Plantation B-1, which is .0116 of the purchase price).

13. On the petition date, all of the Purchased Assets *other than Eastwood B-1* were putatively encumbered by the mortgages of (i) Investar, (ii) NCC Financial, LLC ("NCC"), and (iii) several other entities. There are no remaining encumbrances of record against Eastwood B-1.

14. In order to quiet title and rank the mortgages and other encumbrances on the Purchased Assets, Investar instituted an adversary proceeding in this court, Adversary Proceeding Number 19-1012 (the "Adversary Proceeding") against the Trust (as successor in interest to the Debtor), NCC and certain other parties.

15. Investar moved for partial summary judgment against NCC in the Adversary Proceeding on November 19, 2019, and after a hearing, this court rendered judgment in favor of Investar and against NCC declaring that any purported mortgage or other encumbrance asserted by NCC against the Purchased Assets was unenforceable and invalid, and further that any claim asserted or filed by NCC within the Bankruptcy Case was disallowed [P-112, Adversary Proceeding] (the "NCC Judgment").

16. The NCC Judgment was appealed to the district court for the Middle District of Louisiana, which affirmed the NCC Judgment, and then to the United States Court of Appeals for the Fifth Circuit, which also affirmed the NCC Judgment in a 2-1 panel decision; and the Fifth

Circuit denied a rehearing by both the panel and *en banc* (*See*, Order dated May 20, 2022, on docket of Fifth Circuit at case no. 21-30291). The Fifth Circuit mandate was satisfied on May 31, 2022 (See docket of Fifth Circuit at case no. 21-30291), and NCC has represented to the court, through counsel, that it will not seek a writ of certiorari to the United States Supreme Court.

17. The Sale Motion complies with Bankruptcy Code section 363(f). The Trustee obtained Investar's consent to the sale of the Purchased Assets to the Winning Bidder (or Back-Up Bidder, if applicable) on the terms set forth in the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable) and the Sale Order. NCC's liens have been resolved through the NCC Judgment. To the extent there are other liens or claims that arguably could affect the Purchased Assets, the holders of those liens or claims did not object to the terms of the Sale Motion and/or the Sale, which expressly provides that the Sale is to be free and clear of all liens, claims and interests. The Trustee may sell the Purchased Assets free and clear of all liens, claims, and interests to the extent provided in the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable) because, with respect to each creditor asserting an interest, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied. Holders of interests that did not object or who withdrew their objections to the Sale or the Sale Motion are deemed to have consented to the Sale Motion and Sale pursuant to Bankruptcy Code section 363(f)(2). The objections of holders of interests falls within one or more of the other subsections of section 363(f), and all those objections are overruled.

18. All objections to the relief requested in the Sale Motion that have not been withdrawn, waived or otherwise resolved are overruled.

19. Neither the Trustee, Winning Bidder, Back-Up Bidder, nor any other party engaged in any conduct that would cause or permit the LJG Purchase Agreement (or WBF Purchase

Agreement, if applicable) or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Bankruptcy Code section 363(n). The purchase price to be paid by the Winning Bidder (or the Back-Up Bidder, if applicable) for the Purchased Assets under the LJG Purchase Agreement (or the WBF Purchase Agreement, if applicable), and the terms and conditions thereunder constitute transfers for reasonably equivalent value and fair consideration and thus the Sale may not be avoided under section 363(n).

20. The Sale is in the best interests of the Debtor and its Estate, creditors, interest holders, and all other parties in interest.

21. Except as otherwise provided in the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable), any and all Purchased Assets in the possession or control of any person or entity, including, without limitation, any vendor, supplier, contract counterparty or employee of the Debtor, shall be transferred to the Winning Bidder (or Back-Up Bidder, if applicable) free and clear of all liens, and shall be delivered to the Winning Bidder (or Back-Up Bidder, if applicable) at the closing.

22. These Findings and Conclusions and the Sale Order (a) are effective as a determination that, upon the closing, except as expressly provided in the Sale Order, all liens affecting the Purchased Assets prior to the closing have been unconditionally released, discharged, and terminated in each case as to the Purchased Assets and (b) will authorize all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Winning

Bidder (or Back-Up Bidder, if applicable) is the purchaser of the Purchased Assets free and clear of all liens except as expressly provided in the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable).

23. All transactions and instruments contemplated under the terms of the Sale are and shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Trustee, creditors of the Debtor, or the Debtor's Estate, and/or any other parties in interest, and any successors of the Debtor or Trustee, including but not limited to any subsequent trustee appointed in any subsequent or converted case of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code.

24. In the absence of a stay of the effectiveness of the Sale Order, in the event that the Winning Bidder (or Back-Up Bidder, if applicable) and the Trustee consummate the transactions contemplated in the LJG Purchase Agreement (or WBF Purchase Agreement, if applicable) at any time after the entry of the Sale Order, then with respect to the transactions approved and authorized by the Sale Order, the Winning Bidder (or Back-Up Bidder), as an arms'-length purchase in good faith within the meaning of Bankruptcy Code section 363(m), is entitled to all the protections of section 363(m) in the event the Sale Order or any authorization contained in that order is reversed or modified on appeal.

25. The Sale was approved after a hearing properly and timely noticed. The Trustee provided notice of the Sale Motion and Sale Hearing to all parties who have consented to ECF noticing and all parties identified on the mailing matrix for this case, as evidenced by the certificates of service filed on the docket for the record of this case. The Sale Hearing provided reasonable opportunity to all interested parties to object to the relief requested and to make higher and better offers for the Purchased Assets.

9

26. The court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and Sale Order.

27. Good cause exists for waiving the fourteen-day stay under Bankruptcy Rule 6004(h).

Baton Rouge, Louisiana, July 22, 2022.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE
[SIGNATURES CONTINUE ON FOLLOWING PAGE]

Approved by:

STEWART ROBBINS BROWN & ALTAZAN LLC
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

By: /s/ *Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr. (La. # 24661)
dstewart@stewartrobbins.com
William S. Robbins (La. # 24627)
wrobbins@stewartrobbins.com

*Counsel for Dwayne M. Murray*

/s/ Barbara B. Parsons
**THE STEFFES FIRM, LLC**
Barbara B. Parsons (# 28714)
13702 Coursey Blvd., Bldg. 3
Baton Rouge, LA 70817
Telephone (225) 751-1751
Facsimile (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel to LJG*

AKERMAN LLP
909 Poydras St., Ste. 2000
New Orleans, LA 70112
Telephone: 504-584-9417
Facsimile: 504-584-9142

By: /s/ Patrick Johnson, Jr.
Patrick Johnson Jr. (La. #7322)
patrick.johnson@akerman.com
Brent C. Wyatt (La. #25308)
brent.wyatt@akerman.com

*Attorneys for Investar Bank, N.A.*